

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-15

Re: The construction applied to
Article 7047a-19, V.C.S.,
particularly in regard to
whether or not a tax is due
on admissions charged for
certain entertainments
offered to the public by
sponsoring organizations.

Dear Mr. Calvert:

Your letter requesting our opinion relative to the captioned matter reads, in part, as follows:

"Article 7047a-19 as amended levies a tax on admissions charged to attend various types of entertainments.

"Exemption provisions of the Act provide as follows:

"'. . . no tax shall be levied under this Act on any admission collected for dances, moving pictures, operas, plays, and musical entertainments, all the proceeds of which inure exclusively to the benefit of state, religious, educational or charitable institutions, societies, or organizations, if no part of the net earnings thereof inures to the benefit of any private stockholder or individual or for any type of exhibition or amusement conducted by and for which all of the net proceeds inure to the benefit of a non-profit corporation organized and chartered under the laws of the State of Texas, for the purpose of encouraging agriculture by the maintenance of public fairs and exhibitions of livestock. . .'

"This Department has interpreted the above to mean - if any of the organizations, entitled to an exemption, sponsor a show or entertainment and purchase that show or entertainment outright for a fixed fee, and all of the proceeds derived from admissions charged inure to the benefit of that organization, then the tax is not due.

"If any of the organizations, entitled to an exemption, sponsor a show or entertainment and contract

with the show or entertainment on a percentage
basis the tax is due."

Article 7047a-19, Vernon's Civil Statutes, imposes a tax
upon admissions charged to "any place of amusement which charges
a price or fee for admission, including exhibits in theatres, motion
picture theatres, opera halls. . . and including dance halls, night
clubs, skating rinks and any and all other places of amusement
not prohibited by law."

Article 7047a-19 contains two separate tax exemptions.
The first exempts admissions collected for dances, moving pictures,
operas, plays and musical entertainments, all the proceeds of which
inure exclusively to the benefit of state, religious, educational or
charitable institutions, societies or organizations. The second
exempts admissions collected for any type of exhibition or
amusement conducted by and for a non-profit corporation organized
and chartered under the laws of Texas for the purpose of encourag-
ing agriculture by the maintenance of public fairs and exhibitions
of livestock when all the net proceeds inure to the benefit of such
corporations. You will note that the first exemption provides that
"all the proceeds" must inure to the benefit of the State, etc.,
while the second exemption provides that "all the net proceeds"
must inure to the benefit of such non-profit corporations.

You advise us that there are two methods of payment:

"1. The sponsoring organization, entitled to
an exemption purchases the show outright and retains
all of the proceeds derived from admissions charged?

"2. The sponsoring organization, entitled to
exemption, splits the admissions charged on a per-
centage basis with the show or entertainment?"

As to the first exemption, if the show is purchased
outright and all the proceeds are retained by the State, etc., the
admissions charged are exempt from the tax. However, if the
State, etc., only receives a percentage of the admissions charged,
then all the proceeds would not inure exclusively to its benefit
and the exemption would not apply.

We will now discuss the second exemption pertaining to
the non-profit corporations organized for the purpose of encourag-
ing agriculture. To be entitled to the exemption, it is only
necessary for the net proceeds to inure to the benefit of such non-
profit corporations. The net proceeds of the entertainment would
be all the proceeds less the expenses incurred in holding same.
The amount paid to the performers or exhibitors of the entertainment,

whether paid in advance of the show by a percentage of the admissions charged, or otherwise, would be an expense to be deducted from the gross proceeds in arriving at the net proceeds. If all the net proceeds inure to the benefit of such non-profit corporation, the exemption would apply.

## SUMMARY

No tax shall be levied under Article 7047a-19, V.C.S., on admissions collected for dances, moving pictures, operas, plays and musical entertainments if the entertainment is purchased outright and all the proceeds inure to the exclusive benefit of state, religious, educational or charitable institutions and if no part of the net earnings inure to the benefit of private stockholders or individuals. However, if the state, etc., only receives a percentage of the admissions charged, then all the proceeds would not inure exclusively to its benefit and the exemption would not apply.

No tax shall be levied under said Article on admissions collected for exhibitions or amusements conducted by non-profit corporations organized for the purpose of encouraging agriculture whether the exhibition or amusement is purchased outright, or the entertainers or show receives a percentage of the admissions collected if the net proceeds inure to the benefit of such non-profit corporation. The expense of securing the entertainment is an expense to be considered in arriving at the net proceeds.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  L. P. Lollar
Assistant

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

LPL:cs